UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOANNE B. FRIEDMEYER, as Trustee of the Bankruptcy Estate of Pam Statom, Plaintiff, | )<br>)<br>)<br>) |
| vs. | ) 1:10-cv-1509-RLY-MJD<br>) |
| JOSEPH REISWERG, et al., Defendants, | )<br>)<br>) |
| and | )<br>) |
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Garnishee-Defendant. | )<br>)<br>) |

**ORDER ON PLAINTIFF'S MOTION TO REMAND**

Joanne B. Friedmeyer, as Trustee of the Bankruptcy Estate of Pam Statom ("Trustee"), moves to remand the present case to the Marion Superior Court. The court, having thoroughly read and reviewed the applicable law, now finds the motion should be **GRANTED** for the following reasons. First, a court can only exercise jurisdiction on the basis of diversity of citizenship after removal if the parties are of completely diverse citizenship and none of the properly joined defendants is a citizen of the state in which the case is brought. 28 U.S.C. § 1441(b); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th

1

Cir. 1993). The record indicates that the Trustee, Joseph Reiswerg,[1] and Cohen Garelick & Glazier ("CGG") are citizens of the State of Indiana, and thus, the rule of complete diversity is not met. Moreover, none of the limited exceptions to this rule, e.g., realignment and nominal parties, apply. Second, the Notice of Removal is procedurally defective in that it fails to mention CGG as a party defendant. *See N. Illinois Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982) ("[A] petition filed by less than all of the named defendants is considered defective if its fails to contain an explanation for the absence of co-defendants.").

The court further finds that the Trustee's request for attorneys' fees and costs should be **GRANTED**, as St. Paul lacked an "objectively reasonable basis" for removal. *Martin v. Franklin Capital*, 546 U.S. 132, 141 (2005); *Wolf v. KJW, LLC*, 574 F.3d 406, 411 (7th Cir. 2009). As noted above, the parties are not completely diverse, and St. Paul wholly failed to include CGG in its Notice of Removal. St. Paul cannot discard CGG as a party defendant to remove the case. *See Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000) ("Neither § 1332 nor any case of which we are aware provides that defendants may discard plaintiffs in order to make controversies removable. It is enough that the claims be real, that the parties not be nominal.").

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Trustee's Motion for Remand (Docket # 7) is **GRANTED**. This case is **REMANDED** to the

---

[1] Although the record indicates that Mr. Reiswerg is deceased, he is still listed as a party defendant in the caption.

Marion Superior Court.

**IT IS FURTHER ORDERED** that the Trustee's request for attorneys' fees and costs incurred in filing this motion is **GRANTED**. The Trustee's attorney, Mr. Kaiser, is **ORDERED** to file an affidavit with supporting documentation outlining the fees and costs he incurred in seeking removal of this action on or before May 16, 2011.

**SO ORDERED** this 29th day of April 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Christopher J. Bannon
ARONBERG GOLDGEHN DAVIS & GARMISA
cbannon@agdglaw.com

Bryce H. Bennett Jr.
RILEY BENNETT & EGLOFF LLP
bbennett@rbelaw.com

John Kenyon Henning IV
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
john.henning@ogletreedeakins.com

Todd J. Kaiser
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
todd.kaiser@odnss.com